UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 5:25-cr-38-REW-MAS |
| v. | ) | |
| | ) | ORDER |
| IVORY JOE PRUITT, | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 122 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Ivory Joe Pruitt's guilty plea and adjudge him guilty of Count 1 of the Indictment (DE 1). *See* DE 125 (Recommendation); *see also* DE 124 (Plea Agreement). Judge Stinnett expressly informed Pruitt of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 125 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 125, **ACCEPTS** Pruitt's guilty plea, and **ADJUDGES** Pruitt guilty of Count 1 of the Indictment.

2. Further, per Judge Stinnett's unopposed recommendation and Defendant's agreement (DE 124 at ¶ 9), the Court provisionally **FINDS** that the property identified in the operative indictment (DE 1 at 7-8, to wit a money judgment for proceeds obtained by Defendant) is forfeitable and that Pruitt has an interest in said property, and the Court preliminarily (and provisionally) **ADJUDGES** Defendant's interest in such property **FORFEITED** and thus, the Court enters a preliminary order of forfeiture. However, the record does not, in the Court's view, substantiate the amount Pruitt "obtained" as proceeds. Thus, the United States shall file a joint or other motion addressing the money judgment amount, particulars, and the need for a hearing. If the motion is not joint, Defendant shall respond, indicating the defense's position and the need for a hearing. The motion is due within fourteen days, and any response within seven days of motion filing. Though the Court will order forfeiture, the record needs development on particulars.

3. The Court will issue a separate sentencing order.[1]

This the 5th day of February, 2026.



Signed By:
*Robert E. Wier*
United States District Judge

---

[1] Pruitt was remanded to custody post-plea, which preserved his status following arraignment. *See* DE 25; DE 122. As such, Pruitt will remain in custody pending sentencing, subject to intervening orders.